

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Ian D. Brater*
*Assistant United States Attorney*

IDB/PL AGR
2024R00879

*402 East State Street, Room 430*
*Trenton, New Jersey 08608*

*609-989-2312*

November 12, 2024

**RECEIVED**
**DEC 16 2024**
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

John M. Holliday, Esq.
2273 State Highway 33
Suite 207
Trenton, New Jersey 08690

Criminal Number: 24-815-01 (MAS)

Re:   Plea Agreement with Keith Opalenik

Dear Mr. Holliday:

This letter sets forth the plea agreement between your client, Keith Opalenik ("Opalenik"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on December 6, 2024, if it is not accepted in writing by that date. If Opalenik does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Opalenik to a one-count Information, which charges Opalenik with conspiracy to traffic in firearms, in violation of 18 U.S.C. § 933(a)(3). If Opalenik enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Opalenik for his firearms-trafficking activities and his unlawful possession of a firearm with an obliterated serial number on or about April 15, 2024, as charged in the Criminal Complaint docketed under Magistrate Number 24-3025 (TJB).

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Opalenik even if the applicable statute of limitations period for those charges expires after Opalenik signs this agreement, and Opalenik agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 933(a)(3) to which Opalenik agrees to plead guilty carries a statutory maximum sentence of 15 years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Opalenik is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Opalenik ultimately will receive.

Further, in addition to imposing any other penalty on Opalenik, the sentencing judge as part of the sentence:

(1) will order Opalenik to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Opalenik to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture pursuant to 18 U.S.C. § 924(d)(1); and

(4) pursuant to 18 U.S.C. § 3583, may require Opalenik to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Opalenik be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Opalenik may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Opalenik by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Opalenik's activities and relevant conduct with respect to this case.

Stipulations

This Office and Opalenik will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Opalenik waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Forfeiture

As part of Opalenik's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 934(a) and 28 U.S.C. § 2461(c), Opalenik agrees to forfeit to

the United States all right, title, and interest, if any, in the following items seized on or about April 15, 2024: a Ruger, Model 10/22, .22 caliber semi-automatic rifle with an obliterated serial number restored to read as 0011-57714 (the "Specific Property").

Opalenik acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violation of 18 U.S.C. § 933(a)(3) charged in the Information.

Opalenik waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Opalenik consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Opalenik understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 934(a), and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise Opalenik of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Opalenik further understands that Opalenik has no right to demand that any forfeiture of Opalenik's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Opalenik waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Opalenik also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. Opalenik agrees that Opalenik will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Opalenik has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Opalenik further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Opalenik further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Opalenik's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited

and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Opalenik further waives, abandons, and surrenders to federal, state, and/or local law enforcement all of his right, title, and interest in the following firearms and ammunition which were seized on or about July 29, 2024: (i) one Rock Island Armory, Model VR80, 12-gauge semi-automatic shotgun bearing serial number R339775; (ii) one Fabrique Nationale Herstal, Model FN15, multi-caliber semi-automatic rifle bearing serial number FNB031141; (iii) one Remington double barrel 12-gauge shotgun bearing serial number 78865; (iv) one Heckler & Koch, Model VP9, 9-millimeter semi-automatic pistol bearing serial number 224-185958; (v) one Kimber, Ultra Covert II, .45 caliber semi-automatic pistol bearing serial number KU88825; (vi) three ammunition magazines; (vii) approximately 100 rounds of .22 caliber long rifle ammunition; (viii) approximately 175 rounds of 9-millimeter ammunition; (ix) approximately 20 rounds of .45 caliber ammunition; (x) approximately 86 rounds of 5.56-millimeter ammunition; and (xi) approximately 5 rounds of 12-gauge shotgun ammunition (the "Additional Property"). Opalenik further waives any additional notice requirement in connection with the forfeiture and/or abandonment of the Additional Property and consents to its destruction at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

Opalenik understands that, if he is not a citizen of the United States, Opalenik's guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making Opalenik deportable, excludable, or inadmissible, or ending Opalenik's naturalization. Opalenik understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Opalenik wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Opalenik's removal from the United States. Opalenik understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Opalenik waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Opalenik also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Opalenik. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Opalenik from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Opalenik and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: *Ian D. Brater*
Ian D. Brater
Assistant U.S. Attorney

APPROVED:

*Eric A. Boden*

Eric A. Boden
Assistant U.S. Attorney
Attorney-In-Charge, Trenton Branch Office

- 6 -

I have received this letter from my attorney, John M. Holliday, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), forfeiture consequences, waiver consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 11/26/24
Keith Opalenik

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), forfeiture consequences, waiver consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 11/26/24
John M. Holliday, Esq.
Counsel for Defendant

- 7 -

Plea Agreement With Keith Opalenik

Schedule A

1.   This Office and Keith Opalenik ("Opalenik") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.   The version of the Guidelines effective November 1, 2023 applies in this case.

3.   The parties agree that the applicable guideline is U.S.S.G. § 2K2.1.

4.   The parties agree that the Base Offense Level is 14 because Opalenik will be convicted under 18 U.S.C. § 933. See U.S.S.G. § 2K2.1(a)(6)(B).

5.   The parties agree that the firearm possessed and sold by Opalenik had an obliterated serial number. The offense level is therefore increased by 4 levels. See U.S.S.G. § 2K2.1(b)(4)(B)(i).

6.   The parties agree that Opalenik will be convicted under 18 U.S.C. § 933(a)(3). The offense level is therefore increased by 2 levels. See U.S.S.G. § 2K2.1(b)(5)(A).

7.   As of the date of this letter, Opalenik has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Opalenik's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8.   As of the date of this letter, Opalenik has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Opalenik's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Opalenik enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Opalenik's acceptance of responsibility has continued through the date of sentencing and Opalenik therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Opalenik's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.   Accordingly, the parties agree that the total Guidelines offense level applicable to Opalenik is 17 (the "Total Guidelines Offense Level").

10.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the agreed Total Guidelines Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11.    If the term of imprisonment does not exceed 30 months, and except as specified in the next paragraph below, Opalenik will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 24 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).