2024R00879/IDB/JNM/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp, U.S.D.J. |
| v. | : | Crim. No. 24- 815-01 (MAS) |
| KEITH OPALENIK, | : | CONSENT JUDGMENT AND PRELIMINARY ORDER OF |
| Defendant. | : | FORFEITURE (FINAL AS TO THE DEFENDANT) |

WHEREAS, on or about December 16, 2024, defendant Keith Opalenik pleaded guilty pursuant to a plea agreement with the United States to a one-count Information ("Information"), which charged the defendant with conspiracy to traffic in firearms, in violation of 18 U.S.C. § 933(a)(3);

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), a person convicted of the firearm offense charged in the Information, shall forfeit to the United States any firearms and ammunition involved in the commission of the offense;

WHEREAS, in the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all of the defendant's right, title, and interest in the following items seized on or about April 15, 2024: a Ruger, Model 10/22, .22 caliber semi-automatic rifle with an obliterated serial number restored to read as 0011-57714 (the "Specific Property");

WHEREAS, the defendant waives and abandons all right, title, and interest in the Specific Property and further waives, releases, and withdraws any claim

that the defendant may have made with respect to the Specific Property and waives and releases any claim that the defendant might otherwise have made to the Specific Property in the future;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (as incorporated by 28 U.S.C. § 2461(c)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property; and

WHEREAS, the defendant:

(1) consents to the forfeiture of the Specific Property as firearms and ammunition involved in the commission of the offense charged in the Information, to which the defendant has pleaded guilty;

(2) agrees that this Order is final as to the defendant at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3) agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific Property;

(4) waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5) acknowledges he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(6) waives, and agrees to hold the United States, and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7) agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment.

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

(1) As a result of the defendant's conviction of the firearm offense charged in the Information, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure, all of the defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

(2) Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

(3) Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States, or its agent or designee, shall maintain or take

possession of the Specific Property and hold such property in its secure custody and control.

(4) Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

(5) Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (a) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (b) shall be signed by the petitioner under penalty of perjury, and (c) shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

(6) Any person, other than the defendant, claiming an interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days

from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

(7)   Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

(8)   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

(9)   This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this __16th__ day of __December__, 2024.

_____
Hon. Michael A. Shipp, U.S.D.J.

The undersigned hereby consent to
the entry and form of this order:

Philip R. Sellinger
United States Attorney

_____     Dated: 12/16/2024
By:  Ian D. Brater
Assistant United States Attorney


_____     Dated: 12/16/24
John M. Holliday, Esq.
Attorney for Defendant Keith Opalenik


_____     Dated: 12/16/24
Keith Opalenik, Defendant

6